```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 15-03172-HWV
Andrew D. Breighner                                                     Chapter 13
Gaylynn L. Breighner
       Debtors                         CERTIFICATE OF NOTICE
District/off: 0314-1          User: AutoDocke              Page 1 of 2             Date Rcvd: Mar 16, 2020
                              Form ID: 3180W               Total Noticed: 24


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 18, 2020.
db/jdb         +Andrew D. Breighner,    Gaylynn L. Breighner,    305 High Rock Road W,    Hanover, PA 17331-7991
4675007        +Breighner Andrew D,    305 High Rock Road W,    Hanover, PA 17331-7991
4675008        +Breighner Gaylynn L,    305 High Rock Road W,    Hanover, PA 17331-7991
4675014        +CitiFinancial Services, LLC,    6400 Las Colinas Boulevard,    Irving, TX 75039-2900
4768878        +MTGLQ Investors, LP,    Rushmore Loan Management Services,    P.O. Box 55004,
                 Irvine, CA 92619-5004
4685496         Navient Solutions, Inc. On Behalf of,    Educational Credit Management Corp,    P.O. box 16408,
                 Saint Paul, MN 55116-0408
4675020        +Phelan Hallinan, LLP,    1617 JFK Boulevard, Suite 1400,    Philadelphia, PA 19103-1814
4675021        +Rush More Loan Management,    PO Box 52708,    Irvine, CA 92619-2708
4675023         Santander Bank, N.A,    PO Box 19646 Mail Code 10-6438-W07,    Reading, PA  19612
4675024         Santander Bank/Sovereign Bank,    PO Box 19646 Mail Code 10-6438-W07,    Reading, PA  19612
5101586        +U.S. Bank National Association,    c/o Gregory Funding LLC,    PO Box 742334,
                 Los Angeles CA 90074-2334,    U.S. Bank National Association,
                 c/o Gregory Funding LLC 90074-2334
5101585         U.S. Bank National Association,    c/o Gregory Funding LLC,    PO Box 742334,
                 Los Angeles CA 90074-2334

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4675010        +EDI: ARSN.COM Mar 16 2020 23:03:00      ARS National Services, Inc.,   PO Box 463023,
                 Escondido, CA 92046-3023
4675011        +E-mail/Text: asi@auditsystemsinc.net Mar 16 2020 18:58:48      Audit Systems Incorporated,
                 3696 Ulmerton Rd. Suite 200,    Clearwater, FL 33762-4237
4675012        +EDI: CAPITALONE.COM Mar 16 2020 23:03:00      Capital One Bank,   PO Box 30281,
                 Salt Lake City, UT 84130-0281
4684142         EDI: CAPITALONE.COM Mar 16 2020 23:03:00      Capital One Bank (USA), N.A.,   PO Box 71083,
                 Charlotte, NC  28272-1083
4696552        +E-mail/Text: bankruptcy@cavps.com Mar 16 2020 18:58:41      Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
4675015        +E-mail/PDF: creditonebknotifications@resurgent.com Mar 16 2020 19:01:20      Credit One Bank,
                 PO Box 60500,   City Of Industry, CA 91716-0500
4675016        +EDI: HFC.COM Mar 16 2020 23:03:00      HSBC Bank,   PO Box 5253,   Carol Stream, IL 60197-5253
4675017         EDI: IRS.COM Mar 16 2020 23:03:00      I.R.S.,   PO Box 7346,   Philadelphia, PA  19101-7346
4728720         E-mail/PDF: resurgentbknotifications@resurgent.com Mar 16 2020 19:01:41
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
4675018        +EDI: NAVIENTFKASMSERV.COM Mar 16 2020 23:03:00      Navient,   PO Box 9500,
                 Wilkes-Barre, PA 18773-9500
4675019        +EDI: AGFINANCE.COM Mar 16 2020 23:03:00      One Main Financial,
                 1000 Carlisle Street, Suite 14B,    Hanover, PA 17331-1111
4675022        +EDI: NAVIENTFKASMSERV.COM Mar 16 2020 23:03:00      Sallie Mae,   PO Box 9533,
                 Wilkes Barre, PA 18773-9533
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4675013       ##+Cawley & Bergmann, LLP,   117 Kinderkamack Road, Suite 201,    River Edge, NJ 07661-1916
4675009       ##+DeArmond & Associates of York LLC,   18 S George St Ste 610,   York, PA 17401-1173
                                                                                              TOTALS: 0, * 0, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.   The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2020                              Signature:  /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 16, 2020 at the address(es) listed below:

```
Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
James Warmbrodt    on behalf of Creditor    MTGLQ Investors, LP bkgroup@kmllawgroup.com
Joshua I Goldman    on behalf of Creditor    MTGLQ Investors, LP bkgroup@kmllawgroup.com,
 bkgroup@kmllawgroup.com
Karina Velter    on behalf of Creditor    U.S. Bank National Association amps@manleydeas.com
Keith B DeArmond    on behalf of Debtor 2 Gaylynn L. Breighner general.dearmondlaw@gmail.com,
 G10924@notify.cincompass.com
Keith B DeArmond    on behalf of Debtor 1 Andrew D. Breighner general.dearmondlaw@gmail.com,
 G10924@notify.cincompass.com
Sarah Elisabeth Barngrover    on behalf of Creditor    U.S. Bank National Association
 amps@manleydeas.com
Thomas I Puleo    on behalf of Creditor    MTGLQ Investors, LP tpuleo@kmllawgroup.com,
 bkgroup@kmllawgroup.com
United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                             TOTAL: 9
```

| | |
|---|---|
| **Information to identify the case:** | |
| Debtor 1: Andrew D. Breighner (First Name, Middle Name, Last Name) | Social Security number or ITIN xxx–xx–9566  EIN __–_____ |
| Debtor 2 (Spouse, if filing): Gaylynn L. Breighner (First Name, Middle Name, Last Name) | Social Security number or ITIN xxx–xx–3730  EIN __–_____ |
| United States Bankruptcy Court  Middle District of Pennsylvania | |
| Case number: 1:15–bk–03172–HWV | |

# Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Andrew D. Breighner                    Gaylynn L. Breighner

3/16/20

**By the court:** *Henry W. Van Eck* (signature)

Honorable Henry W. Van Eck
Chief Bankruptcy Judge
By: KarenDavis, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**